UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHERYL LYNNE LEAVER,<br><br>Plaintiff,<br><br>v.<br><br>THE HUNTINGTON NATIONAL BANK,<br><br>Defendant. | Case No. 26-cv-13642<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

I. Introduction

Sheryl Lynne Leaver commenced this action against the Huntington National Bank alleging that it violated the Expedited Funds Availability Act when the bank withheld lawfully deposited funds from her account.

Before the Court is Huntington's motion to dismiss the complaint. (ECF No. 4). Leaver responded in opposition. (ECF No. 7). Huntington filed a reply. (ECF No. 9). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted.

II. Background

On September 5, 2023, Leaver presented a $25,138.12 check to a bank teller at Huntington's Richmond, Michigan branch. (ECF No. 1-1, PageID.15, ¶ 5). The teller accepted the check for deposit and issued Leaver a receipt. (*Id.*, ¶ 6). Huntington did not make the deposited funds available to Leaver until December 16, 2023 – 102 days later. (*Id.*, ¶¶ 8-9).

Leaver initially commenced this lawsuit in Macomb County Circuit Court on September 8, 2026. (ECF No. 1-1). Huntington timely removed the case to the United States District Court for the Eastern District of Michigan on September 24. (ECF No. 1). The complaint alleges that Huntington violated the Expedited Funds Availability Act and that it negligently withheld the deposited funds from her account. (ECF No. 1-1, PageID.16-17, ¶¶ 11-18). Huntington now moves to dismiss the complaint in its entirety. (ECF No. 4).

III. Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the

legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

A plaintiff does not typically need to plead that his causes of action are timely to state a plausible claim for relief. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim"); *Jones v. Bock*, 549 U.S. 199, 216 (2007). That is because the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). So it is usually inappropriate to dismiss a claim under Rule 12(b)(6) because of untimeliness. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Even still, Rule 12(b)(6) dismissal is proper when the complaint's allegations affirmatively show that a claim is time-barred. *See Jones*, 549 U.S. at 215.

## IV. Analysis

### *A. The Expedited Funds Availability Act*

Congress enacted the Expedited Funds Availability Act ("EFAA") in 1987. Pub. L. No. 100-86, 101 Stat. 552. The statute "requires banks to make deposited funds available for withdrawal within specified time periods, subject to stated exceptions." *Bank One Chi., N.A. v. Midwest Bank & Trust Co.*, 516 U.S. 264, 267 (1996). Although Leaver does not specify what type of check she deposited, the timeframe in which most checks must be made "available for withdrawal" spans from the next business day to six intervening business days. *See* 12 U.S.C. § 4002.

A plaintiff must commence a civil action to enforce the EFAA "within one year after the date of the occurrence of the violation involved." 12 U.S.C. § 4010(d).

Assuming Huntington had six intervening business days from September 5, 2023 (the date of Leaver's deposit) to make her funds "available for withdrawal," the latest the bank would have violated the EFAA is September 13, 2023. That would mean Leaver had until September 13, 2024 to initiate this lawsuit. Because she did not commence this action until September 8, 2026, the EFAA claim is untimely. (ECF No. 1-1, PageID.13).

One additional, but important point. Even if the limitations period could be considered to have accrued when Huntington made the funds "available for withdrawal" (on December 16, 2023), Leaver still instituted this suit too late. The statute of limitations would have expired on December 16, 2024 – almost 21 months before Leaver filed the complaint. (*Id.*). So, by any calculation, the EFAA claim is time-barred.

*B. Negligence*

Leaver's second cause of action is a state law negligence claim. To assert a Michigan claim for negligence, the operative complaint must plausibly allege that "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Hill v. Sears, Roebuck & Co.*, 492 Mich.

651, 660 (2012). The negligence claim cannot proceed, however, because the EFAA expressly preempts this cause of action.

The EFAA provides that its terms and accompanying regulations "shall supersede any provision of the law of any State, including the Uniform Commercial Code as in effect in such State, which is inconsistent with this title or such regulations." 12 U.S.C. § 4007(b); *see also* 12 C.F.R. § 229.41 (providing that EFAA regulations supersede any inconsistent state law). The only exception to this preemption is where a comparable state law "requires that funds deposited or received for deposit in an account at a depository institution chartered by such State be made available for withdrawal *in a shorter period of time*" than the one specified in the EFAA or its implementing regulations. 12 U.S.C. § 4007(a) (emphasis added). And Leaver does not argue that her claim falls within the exception.

Instead, preemption exists here because (1) Leaver alleges that Huntington breached a duty that exactly mirrors a violation of the EFAA's deposit-schedule provisions (ECF No. 1-1, PageID.16, ¶¶ 11-14), and (2) the statute of limitations for commencing a Michigan-based negligence claim (which is three years) is inconsistent with the EFAA's limitations period (which is one year). *Compare* Mich. Comp. Laws § 600.5805(2) *with* 12 U.S.C. § 4010(d); *see also Aresty Int'l Law Firm, P.C. v. Citibank, N.A.*, 677 F.3d 54, 59 (1st Cir. 2012) (holding that "where a state-law negligence claim is based on the breach of a duty established by the EFAA,

permitting an action for negligence to be brought under general state-law tort principles and within time limits set by state law would expand the remedies possible against banks and thus would be inconsistent with the limitations provided in federal law.") (cleaned up).

Because this "inconsistency" brings the negligence claim "squarely within the terms of the EFAA's express preemption provision" it is "fatal to the claim." *Aresty*, 677 F.3d at 59.

*C. Response to Leaver's Position*

Leaver disagrees with this analysis. She opposes the dismissal motion on two grounds; neither of them are availing.

To start, Leaver maintains that the dismissal motion is untimely because Huntington filed it one day after the cut-off imposed under Federal Rule of Civil Procedure 81(c)(2)(C). According to that rule, a defendant who removes a case to federal court, without previously answering the complaint, must file a Rule 12(b) dismissal motion within "7 days after the notice of removal is filed." *Id.* Huntington removed this lawsuit to the Eastern District of Michigan on September 24, 2026. (ECF No. 1). The cut-off to file a Rule 12(b) dismissal motion was October 1. Huntington filed the current motion on October 2 – one day late. (ECF No. 4).

Nonetheless, the Court retains the discretion to construe an untimely Rule 12(b)(6) motion as a motion for judgment on pleadings under Rule 12(c). *See* 5C

Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, Federal Practice and Procedure § 1368 (3d ed. Apr. 2026 Update) (stating that "courts typically will construe . . . a late Rule 12(b) motion . . . as if it were brought under Rule 12(c), although whether to do so is within the court's sound discretion."); *see also Satkowiak v. Bay County Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002) (construing an untimely Rule 12(b)(6) motion as brought under Rule 12(c)).

The Court will exercise this discretion here because (1) the pleadings are now closed, and (2) the one-day delay in Huntington's filing could not have prejudiced Leaver. *Women's Integrated Network, Inc. v. United States Specialty Ins. Co.*, No. 12-7072, 2013 U.S. Dist. LEXIS 130969, at *13 (S.D.N.Y. Aug. 9, 2013) ("because UCCIS has not yet answered the complaint, nor has its time to do so expired, the pleadings are not closed."); *Turner v. Cal. Forensic Med. Group*, No. 09-3040, 2011 U.S. Dist. LEXIS 148151, at *3 (E.D. Cal. Dec. 23, 2011) (same). Nor does she claim that any prejudice did, in fact, occur. The dismissal motion's untimeliness, therefore, does not pose a barrier to its consideration.

Next, Leaver attempts to supplement the complaint with additional facts from her response brief, indicating that Huntington's agents acknowledged the bank's liability under the EFAA. (ECF No. 7, PageID.49, ¶ 27). She urges the Court to deny the dismissal motion based upon these admissions. (*Id.*, ¶ 28). But Leaver "cannot . . . amend [her] complaint in an opposition brief or ask the court to consider new

allegations (or evidence) not contained in the complaint." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). So her supplemental allegations provide an insufficient basis to deny Huntington's motion.

Since Leaver's arguments do not persuade the Court to conclude that she alleges any plausible claim for relief, the complaint cannot withstand Rule 12(b)(6) or (c) dismissal. Accordingly,

IT IS ORDERED that Huntington's motion to dismiss the complaint (ECF No. 4) is granted.

Dated: October 22, 2026

s/ Robert J. White
Robert J. White
United States District Judge